UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

---

DONALD MALONE #197567,

        Plaintiff,        Case No. 2:09-cv-261

v.        Honorable Gordon J. Quist

DAVID THEUT, et al.,

        Defendants.
_____/

**OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Discussion**

    I.    <u>Factual allegations</u>

Plaintiff Donald Malone #197567, an inmate at the Baraga Maximum Correctional Facility (AMF), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants

Hearing Officer David Theut, Hearing Investigator Clarence Hassel, Hearing Administrator Richard B. Stapleton, Sergeant Shawn Cushman, Corrections Officer Staci A. Fountain, Corrections Officer Celeste G. McLean, and Corrections Officer Kyle L. Mahar.

Plaintiff alleges in his complaint that on September 24, 2008, while he was confined at the Straits Correctional Facility, he observed Defendants Fountain, and McLean, and Corrections Officer Elyse Lammas standing at the end of the hallway in Unit G, shaking down each inmate as they were leaving the cubicle area. During this time, Defendants Mahar and Cushman were shaking down a cubicle. Plaintiff states that Defendant Fountain shook him down and felt a cell phone in his pants. Defendant Fountain asked Plaintiff, "what's that?" and then shouted to Defendants Mahar and Cushman that she had "found it." Plaintiff went back to the cubicle area and into the first cubicle. Defendants Mahar and Fountain pursued Plaintiff, while Defendants McLean and Cushman, and Corrections Officer Lammas watched. Plaintiff circled a table to keep a distance between himself and the officers as he tore the phone up. When Defendants Mahar and Fountain reached Plaintiff, they pushed him onto the bed, face down, with his hands underneath him, as Plaintiff continued to destroy the phone. Defendant Cushman told Plaintiff to stop and give up the phone, and Plaintiff complied. Plaintiff was then cuffed and taken to segregation.

Plaintiff states that all five corrections officers wrote critical incident reports, and that Defendant Fountain falsely asserted that Plaintiff had pushed, struck and bit her. Defendants Mahar and McLean also reported an assault, but Defendant Cushman and Corrections Officer Lammas did not report any assault. Plaintiff requested video of the lobby and hallway, which would have given a clear view of the incident. Defendant Cushman asked Plaintiff if he had a garbage bag in his hand at the time of the incident, and Plaintiff said that he had. Defendant Cushman then stated that the

captain was reviewing the video and that it would automatically be part of the record, however he did not write it on the ticket.

Plaintiff told Defendant Hassel that he wanted video from the lobby and hallway cameras, as well as dental impressions. However Defendant Hassel disregarded Plaintiff's request and only wrote "dental impressions." Plaintiff wrote to his wife, Patricia Malone, and asked that she contact Sandra Girard at Prison Legal Services of Michigan. Attorney Girard then contacted Defendant Stapleton. Plaintiff states that during the hearing, he requested the video evidence and dental impressions, but that Defendant Theut ignored the request and failed to note it in his findings. Plaintiff was found guilty of striking Defendant Fountain in the face, and biting her. Plaintiff states that he submitted the "concealed and excluded critical incident reports (that were declared confidential), complained of withholding the video evidence," and the partiality of Defendant Theut to Defendant Stapleton, without success. Plaintiff claims that he was improperly found guilty of the assault charge in violation of his due process rights and was placed in administrative segregation in maximum security. Plaintiff seeks both damages and equitable relief.

II.     Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A

claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Ashcroft*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff claims that his major misconduct conviction for assault and subsequent placement in administrative segregation violated his rights under the Fourteenth Amendment. Under Michigan law a prisoner is entitled to notice of a hearing, and the opportunity to present evidence and arguments. M.C.L. § 791.252. A hearing officer is not bound by state or federal evidentiary rules, but rather may consider "evidence of the type commonly relied upon by reasonably prudent persons in the conduct of their affairs." *Id.* Further, a hearing officer may deny a prisoner access to evidence that may pose a security concern if disclosed. *Id.* Plaintiff has failed to show that his constitutional rights were violated at his misconduct hearing.

Moreover, the hearing officer's conclusion that Plaintiff was guilty of the misconduct charge was supported by the record. In the reasons for finding, the Hearing Officer stated:

> Prisoner Malone's request for a dental impression is denied as not necessary, or admissible in this administrative hearing because the reporting officers pictures of her arm are red in the area where she indicates she was bit, teeth marks can be seen however they did not break the skin. Prisoner Malone's questions for officer Fountain 1 and 2 are not relevant and would not prove or disprove the charge and questions 3 and 4 are in the misconduct report. A picture of officer Fountain's face is not necessary since marks and bruises are not always left from a strike however both officers McLean and Mahar observed prisoner Malone strike officer Fountain in the face.

(*See* Plaintiff's Exhibit 7, Misconduct Hearing Report for October 1, 2008.)

In addition, the Hearing Officer specifically found with regard to the charge of "Assault Resulting in Serious Physical Injury" that Plaintiff struck Defendant Fountain on the face with his left arm. The hearing report states:

> Prisoner Malone then bit officer Fountain when she tried to remove the cell phone from him and has red marks consistent with a bite mark. I find that this was a physical attack by prisoner Malone to officer Fountain which resulted and was intended to result in serious physical injury. Prisoner Malone is not believed in his statement that he had no contact with officer Fountain until he was pushed on his bed because officers McLean and Mahar both observed prisoner Malone strike officer Fountain in the head and then officers Fountain and McLean observed prisoner Malone bite officer Fountain. I find no credible evidence that the reporting officer has lied or fabricated her statements. Officers McLean, Mahar Fountain [sic] are clear and detailed in their statements and found credible.

(*See* Plaintiff's Exhibit 7, Misconduct Hearing Report for October 1, 2008.)

It is clear that Plaintiff received due process of law, and that he cannot support any claim that his constitutional rights were violated during the misconduct hearing. Prison inmates subject to serious disciplinary action are entitled to (1) 24 hours advance written notice of the charges; (2) an opportunity to appear at a hearing, to call witnesses, and present rebuttal evidence

when permitting the inmate to do so will not be unduly hazardous to institutional safety; and (3) a written statement by the factfinders as to the evidence relied upon for their decision which includes a statement as to the reasons for the decision. *Wolff v. McDonnell*, 418 U.S. 539, 564-66 (1974). If the prisoner received these procedural protections, and if there were "some facts" to support the decision of the hearings officer, then the prisoner received all the process to which he was due. *Superintendent of Massachusetts Institute, Walpole v. Hill*, 472 U.S. 445 (1985). Plaintiff has failed to show that his constitutional rights were denied.

Moreover, as noted above, Defendant Theut is employed as a prison hearing officer. Therefore, Plaintiff's claims against Defendant Theut are precluded by absolute judicial immunity since the alleged acts were committed in the performance of his duties in a prison disciplinary hearing. *See Shelley v. Johnson*, 849 F.2d 228, 230-31 (6th Cir.1988).

Finally, the court notes that liability under Section 1983 must be based on more than merely the right to control employees. *Polk Co. v. Dodson*, 454 U.S. 312, 325-26 (1981); *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978). Thus, Section 1983 liability cannot be premised upon mere allegations of *respondeat superior*. *Monell*, 436 U.S. at 691; *Polk*, 454 U.S. at 325. A party cannot be held liable under Section 1983 absent a showing that the party personally participated in, or otherwise authorized, approved or knowingly acquiesced in, the allegedly unconstitutional conduct. *See e.g. Leach v. Shelby Co. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989), *cert. denied*, 495 U.S. 932 (1990); *Hays v. Jefferson*, 668 F.2d 869, 874 (6th Cir.), *cert. denied*, 459 U.S. 833 (1982). *See also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir.), *cert. denied* 469 U.S. 845 (1984).

Supervisory officials can be held liable for the acts of their subordinates only if plaintiff establishes that the supervisor failed to appropriately discharge his supervisory duties, and

that this failure resulted in a denial or deprivation of plaintiff's federal rights. *See e.g. Leach*, 891 F.2d at 1246; *Hayes v. Vessey*, 777 F.2d 1149, 1154 (6th Cir. 1985). However, the failure of a supervisor to supervise, control or train the offending employee is not actionable absent a showing that the official implicitly encouraged, authorized, approved or knowingly acquiesced in, or in some other way directly participated in, the offensive conduct. *Leach*, 891 F.2d at 1246. Such a claim requires, at a minimum, that the official had knowledge of the offending employee's conduct at a time when the conduct could be prevented, or that such conduct was otherwise foreseeable or predictable. *See e.g. Gibson v. Foltz*, 963 F.2d 851, 854 (6th Cir. 1992). In addition, plaintiff must show that defendant had some duty or authority to act. *See e.g. Birrell v. Brown*, 867 F.2d 956, 959 (6th Cir. 1989) (lower level official not liable for shortcomings of building); *Ghandi v. Police Dept. of City of Detroit*, 747 F.2d 338, 351 (6th Cir. 1984) (mere presence at the scene is insufficient grounds to impose Section 1983 liability in the absence of a duty to act); *accord Hall v. Shipley*, 932 F.2d 1147 (6th Cir. 1991). In addition, merely bringing a problem to the attention of a supervisory official is not sufficient to impose such liability. *See Shelly v. Johnson*, 684 F. Supp. 941, 946 (W.D. Mich. 1987) (Hillman, C.J.), *aff'd* 849 F.2d 228 (6th Cir. 1988). Finally, supervisory liability claims cannot be based on simple negligence. *Leach*, 891 F.2d at 1246; *Weaver v. Toombs*, 756 F. Supp. 335, 337 (W.D. Mich. 1989), *aff'd* 915 F.2d 1574 (6th Cir. 1990).

Plaintiff has not alleged facts establishing that Defendant Stapleton was personally involved in the activity which forms the basis of his claim. Defendant Stapleton's only role in this action involves the denial of administrative grievances or the failure to act. Defendant Stapleton cannot be liable for such conduct under § 1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999), *cert. denied*, 530 U.S. 1264, 120 S. Ct. 2724 (2000). Accordingly, the Court concludes that

Plaintiff's claims against Defendant Stapleton are properly dismissed for lack of personal involvement.

**Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated: February 13, 2010                             /s/ Gordon J. Quist
                                                    GORDON J. QUIST
                                          UNITED STATES DISTRICT JUDGE